**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CHARLES BUCKLES,

        Plaintiff,

v.                                        Case No:   6:22-cv-1874-ACC-LHP

UNITEDHEALTHCARE
INSURANCE COMPANY,

        Defendant

---

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** DEFENDANT'S UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL (Doc. No. 40)
>
> **FILED:** February 3, 2023
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

Defendant moves to file under seal the administrative record in this case arising under the Employee Retirement Income Security Act, 29 U.S.C. § 1101, *et seq.* Doc. No. 40. Defendant explains that the administrative record contains "Plaintiff's private medical records related to the claim for healthcare benefits at

issue," and thus, contains protected health information under the Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. § 1301, *et seq.* ("HIPAA"). *Id.* at 2. Defendant states that to redact all of Plaintiff's personal health information from the record would render it incomprehensible. *Id.* Plaintiff does not oppose the motion to seal. *Id.* at 3.

A party seeking to file a document under seal must address the applicable requirements set forth in Local Rule 1.11. The moving party must also satisfy the Eleventh Circuit's standard concerning the public's common law interest and right of access to inspect and copy judicial records. *See, e.g., Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311–12 (11th Cir. 2001); *United States v. Rosenthal*, 763 F.2d 1291 (11th Cir. 1985). "The right of access creates a rebuttable presumption in favor of openness of court records," *Gubarev v. Buzzfeed, Inc.*, 365 F. Supp. 3d 1250, 1256 (S.D. Fla. 2019), which "may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential. Whether good cause exists is decided by the nature and character of the information in question." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (internal quotations and alterations omitted).

Upon review, the Court finds good cause to permit the administrative record to be filed under seal. *Vaughn v. Aetna Life Ins. Co.*, No. 1:16-CV-1107-WSD, 2018

WL 2266909, at *8–9 & n.15 (N.D. Ga. May 17, 2018) (permitting ERISA administrative record containing personal health information to be filed under seal).  *See also Mottert v. Union Sec. Ins. Co.*, No. 8:17-cv-998-T-36AEP, Doc. No. 29 (M.D. Fla. Mar. 7, 2018) (permitting ERISA administrative record to be filed under seal).  Accordingly, the Court will permit Defendant to file the administrative record under seal.   It is **ORDERED** as follows:

    1.    Defendant's Unopposed Motion for Leave to File Under Seal (Doc. No. 40) is **GRANTED**.

    2.    On or before **February 7, 2023**, Defendant shall file the administrative record under seal.

    3.    This seal shall not extend beyond **ninety (90) days** after the case is closed and all appeals exhausted. *See* Local Rule 1.11(f).

**DONE** and **ORDERED** in Orlando, Florida on February 3, 2023.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties